UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANDREW MONTALVO | : | CIVIL ACTION NO. 14-cv-2642 |
| BOP #29830-050 | | SECTION P |
| VERSUS | : | JUDGE MINALDI |
| C. MAIORANA | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a petition for a writ of *habeas corpus* filed, *pro se*, pursuant to 28 U.S.C. § 2241 by petitioner, Andrew Montalvo (hereinafter "Montalvo"), an inmate in custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Montalvo pled guilty to distribution of cocaine base and to being a felon in possession of a firearm. Doc. 1. p. 1.  Thereafter, he was sentenced to 180 months imprisonment by United States District Court for the Middle District of Florida.  *Id.*  Montalvo appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which appeal was denied on or about August 19, 2010.  Doc. 1, p. 2.  On or about September 26, 2011, Montalvo filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the United States District Court for the

Middle District of Florida, alleging, among other things, that the court had erred in sentencing him as an armed, career criminal under 28 U.S.C. § 924(e). *Montalvo v. United States*, 8:11-cv-2176, doc. 1.  The motion was denied on May 24, 2012. Doc. 14.

On September 2, 2014, Montalvo filed the instant *habeas* petition pursuant to 28 U.S.C. § 2241, claiming that pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), he is actually innocent of his prior convictions as they no longer qualify as a predicate offenses for career offender status.  Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Here, McCall collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, rather than the execution of that sentence.  Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may only use § 2241 to challenge the legality of their convictions or sentences if they satisfy the § 2255 "savings clause," *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001), which provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).   A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision

which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).   The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make such a remedy inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Montalvo does not satisfy the criteria set forth above. Relying on *Moncrieffe*, he argues that his sentence was wrongfully enhanced because his prior state convictions differed from his federal conviction in that the state law crime with which he was convicted did not contain a *mens rea* element whereas its federal equivalent did.  Doc. 1, p. 4.  His reliance on this case, however, is misplaced. *Moncrieffe* is not applicable because, there, the Supreme Court did not consider the issue we are faced with here but instead it addressed whether or not a state court conviction for possession of marijuana with the intent to distribute constituted an aggravated felony for drug trafficking under the Immigration and Nationality Act.

In any event, even if *Montcrieffe* were somehow relevant to this case, the Supreme Court has not declared it to be retroactively applicable on collateral review and the Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). For this

reason, Montalvo's reliance on *Descamps* is equally improper because it also has not been declared retroactively applicable on collateral review. [1]

Finally, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011).   A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of the crime of which he was convicted but only his innocence as to the sentence enhancement).

### III.
### CONCLUSION

Since Montalvo has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255.   In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

---

[1] *See also Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

Under the provisions of 28 U.S.C. §  636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th  day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE